DENNIS M. MARVILLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marville v. Commissioner
Docket No. 551-83.
United States Tax Court
T.C. Memo 1985-250; 1985 Tax Ct. Memo LEXIS 379; 49 T.C.M. (CCH) 1552; T.C.M. (RIA) 85250; May 28, 1985. *379 Petitioner filed an altered Form 1040 on which he categorizes his wages as "Non-taxable receipts." Petitioner concedes wages are subject to tax. Held, the tampered form was not a return; additions to tax are found; and damages are awarded to the United States. Dennis C. Modzelewski and Howard K. Schwartz, for the petitioner. Timothy S. Murphy, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. [1] Petitioner filed a Notice of Objection in response to the instant Motion. At the hearing on the Motion for Summary Judgment said Motion was taken under advisement. For convenience our Findings of Fact and Opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1981 in the amount of $11,969. The petition, filed January 7, 1983, alleges that the Commissioner erred in finding petitioner's wages to be taxable *380 income. The petition also contains other frivolous or meritless contentions [2] and alleges that petitioner was not allowed an opportunity to submit information to support deductions which would be entered on a Schedule A. [3] *381 In the Answer, respondent denied the petition allegations and alleged: (1) That the document petitioner filed is not a tax return and that, therefore, petitioner is liable for an addition to tax of 25 percent of the underpayment pursuant to section 6651(a)(1); and (2) that petitioner is liable for an addition to tax equal to 5 percent of the underpayment pursuant to section 6653(a)(1). Respondent also requested that appropriate damages be awarded to the United States under section 6673. Petitioner filed a reply demanding that the affirmative allegations in the answer be "removed from the pleadings and that the Respondent be prevented from raising such issues." A hearing on the Motion for Summary Judgment was held February 22, 1984. On May 18, 1984, an entry of appearance by counsel on petitioner's behalf was filed. Approximately 3 months later, said counsel filed a Motion for Leave to Amend Petition, Reply and Notice of Objection. Said Motion states that, on advice of counsel, petitioner "has abandoned his position that wages are not income and *382 desires only to have the tax computed with the correct amount of excess itemized deductions." The Motion further states that counsel for respondent has indicated he objects to the Motion for purposes of the additions to tax and section 6673 damages. At the request of the Court, the parties filed a Stipulation of Facts on April 22, 1985, [4] wherein they agreed that petitioner should be allowed itemized deductions of $14,588.79 for 1981. [5] *383 We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121. Certain facts are not disputed. The stipulation of facts, documents supplied by respondent in an affidavit with exhibits filed in connection with the Motion [6] *384 and undisputed facts in the pleadings constitute the facts used for purposes of this decision. Rule 121(b). Although petitioner now concedes that wages are taxable income, the facts concerning this issue are essential to our determination of the appropriateness of imposing additions to tax and awarding damages. Petitioner resided in Canton, Michigan when the petition was filed in this case. During the 1981 taxable year, petitioner was employed by Ford Motor Company and received wages totaling $37,221.43. Petitioner submitted to the Internal Revenue Service as his 1981 return an official Treasury Form 1040 which had been changed by inserting on line 23 "Non-taxable receipts." In two places in the left margin of this "form" the word "Income" is replaced by "Receipts." On lines 8a, 11, 18 and 20 the word "income" is replaced by "gain" and on line 21 the word "income" is deleted. Two memoranda were attached to petitioner's purported 1981 return, one of which was styled "FORM--NON-TAXABLE RECEIPTS:." On his purported 1981 return, petitioner inserted the amount of $37,221.43 as "Wages, salaries, tips, etc." and attached a Form W-2 reflecting this amount. Petitioner subtracted the identical amount under the heading "Non-taxable receipts." The net effect of these offsetting entries was to create a zero tax liability. Since his employer withheld against amounts paid petitioner during 1981, petitioner claimed *385 a refund of $702.20. For the taxable year 1978, petitioner and his spouse jointly reported on an official "Treasury Form 1040" wages he received as taxable income, itemized deductions on a Schedule A and showed the appropriate tax on such income. This return was timely filed with the appropriate Form W-2. There is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. The parties agree that petitioner received wages during 1981 in the amount of $37,221.43 and that said wages constitute income. The parties further agree that petitioner is entitled to itemized deductions of $14,588.79. [7] The only issues we must decide are petitioner's liability for additions to tax pursuant to sections 6653(a) and 6651 and whether damages should be awarded to respondent pursuant to section 6673. Since first raised in the Answer, the burden of proof is on respondent as to the additions to tax. ; Rule 142(a). Petitioner has *386 frequently cited Federal income tax cases and statutes in the documents he has filed with this Court and referred to his "lengthy study and research" of tax cases and statutes as they relate to the taxability of wages. In both his Reply and objection to the instant Motion, petitioner impliedly conceded that his now abandoned position that wages are not income was consistently found to be "frivolous and utterly without merit" in said cases. For the reasons set forth in , on appeal 6th Cir. September 24, 1984, [8] *387 we find that the purported "return" filed by petitioner for his 1981 tax year was not a return for purposes of sections 6011, 6012, 6072, and 6651(a)(1). The evidence is clear, and respondent has met his burden of proving that petitioner's actions in this case were deliberate, intentional, and in complete disregard of the statutes and respondent's regulations. Petitioner has not alleged any reasonable cause for such failure to file. Therefore, we find him liable for an addition to tax pursuant to section 6651(a)(1) of 25 percent of the difference between the deficiency and the amount of tax withheld.
In determining petitioner's liability for an addition to tax pursuant to section 6653(a), we note he has shown that he knew of his reporting duty and how to properly report his income on his 1978 return. We conclude that respondent has met his burden of proving petitioner's underpayment of tax was due to intentional disregard of rules and regulations and that a 5 percent addition to tax pursuant to section 6653(a) is warranted based upon the analysis set forth in We come now to the final issue whether damages should be awarded under section 6673 for instituting and maintaining this proceeding primarily for delay. Petitioner's conduct from the filing of his petition in January 1983 until 15 months later when he abandoned his friviolous and meritless argument that wages are not income demonstrates that his principal purpose has been to delay the inevitable time of reckoning with respondent. We cannot permit petitioner to waste the time and resources of this Court and respondent *388 and avoid the penalty for this abuse by asserting that he was relying on the "erroneous advice of ill informed self promoted 'tax advisors.'" Nor will we permit him to avoid such damages by abandoning his frivolous and meritless arguments when he realizes the potential cost to him of his chosen course of abuse. Therefore, we award damages to the United States under section 6673 in the amount of $5,000. [9]
An appropriate Order and Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For example, petitioner is not entitled to court costs and disbursements which he requests. , affd. without published opinion ; , affd. per curiam , cert. denied . ↩
3. Petitioner failed to allege specifically any Schedule A deductions for the 1981 year in his petition. Arguably, petitioner waived his assignment of error with respect to these deductions by failing to comply with Rule 34, which requires a statement in the petition of the facts on which each assignment of error is based. Nevertheless, the Court, in a letter dated May 4, 1984, informed petitioner that a general allegation of error is insufficient to preserve petitioner's claim to the asserted deductions and that, in order for the Court to take any action regarding this issue, he must file "an affidavit setting forth details of every alleged deduction with all appropriate supporting information." Petitioner filed an affidavit with supporting documents on May 18, 1984.
4. This stipulation encompasses all of the expenses previously claimed by petitioner in his May 18, 1984 affidavit. See n. 3. Respondent agreed to all claimed deductions for which petitioner provided substantiation. We agree with respondent that, absent substantiation, petitioner is not entitled to additional deductions claimed for tools, safety shoes, tax return preparation and charitable contribution. ↩
5. The stipulation erroneously states the amount of the allowed deductions is $15,818.79. This figure represents all claimed deductions, $1,230 of which were disallowed due to petitioner's failure to provide substantiation ($15,818.79 - $1,230.00 = $14,588.79). In addition to the stipulation, a copy of Mrs. Marville's 1981 tax return was filed with the Court to demonstrate that duplicative deductions were not being claimed by petitioner.
6. In conjunction with the Motion for Summary Judgment, respondent filed Respondent's Memorandum of Law, an affidavit of Timothy S. Murphy, respondent's counsel, who has custody and control over the Commissioner of Internal Revenue's administrative files, and a number of exhibits. These exhibits include: A copy of the statutory notice sent to petitioner for the 1981 tax year; copies of Forms W-2 issued to petitioner for 1978 and 1981; a copy of petitioner's purported "return" for 1981; and a copy of petitioner's 1978 return.
7. Since raised in the original petition, an amended petition raising this issue is unnecessary. Accordingly, petitioner's Motion for Leave to Amend Petition, Reply and Notice of Objection will be denied.↩
8. This is one of the 23 cases set on this Court's March 5, 1984 trial calendar involving tampered Forms 1040 and referred to in , on appeal 6th Cir. Sept. 24, 1984.
9. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, and sec. 160, Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, increased the amount of damages that may be awarded under section 6673 from $500 to $5,000 for proceedings commenced after December 31, 1982 or if commenced prior thereto, pending as of Nov. 15, 1984.↩